# IN THE UNITED STATES BANKRUPTCY COURT
## District of South Carolina

| | |
|---|---|
| In Re:<br><br>**Julie Ann Cameron**<br><br><br><br><br>**Debtor(s)** | Case Number **15-05370**<br>Chapter 13<br><br><br>**NOTICE OF PLAN MODIFICATION AFTER CONFIRMATION, MOTIONS TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASE-MONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE** |

     I.  NOTICE TO CREDITORS AND PARTIES IN INTEREST: The above-captioned debtor[1] proposed a chapter 13 plan and motions that were previously confirmed by this court; debtor now moves, pursuant to 11 U.S.C. § 1329(a), Fed. R. Bankr. P. 3015(g), and Fed. R. Bankr. P. 2002(a)(5), to **modify the plan as follows**:

*The debtor shall pay to the trustee the sum of $  1300.00  per month  for a period of   5  months, then the sum of $  900.00   per month  for a period of   55  months unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan.*

This modification to the chapter 13 plan and motions may affect your rights. Failure to object may constitute an implied acceptance of and consent to the relief requested.

A. ADDITIONS, MODIFICATIONS, OR DELETIONS: All additions or modifications to the Courts form plan are highlighted by italics.  (See SC LBR 3015-2, SC LBR refers to the SC Local Bankruptcy Rules, available at www.scb.uscourts.gov)  Deletions are noted as Not Applicable or by striking through the deleted provisions.  If changes are substantial or if an alternative plan is proposed, a cover sheet that summarizes and identifies the changes shall be filed and served herewith.

B. DEADLINE FOR FILING OBJECTIONS, OPPORTUNITY FOR NOTICE AND HEARING ON CONFIRMATION OF MODIFIED CHAPTER 13 PLAN AND MOTIONS: Objections to the motions and any provision of the plan must be made in accordance with SC LBR 9014-1, properly served, and filed with the United States Bankruptcy Court, 1100 Laurel Street, Columbia, SC 29201, within twenty-eight (28) days from the date this document is served.  Timely objections will be scheduled for hearing and separate notice of such a hearing will be given.  If no timely objection is filed, the Court, upon recommendation of the chapter 13 trustee and without further hearing or notice, may enter an order confirming the modified plan and granting the motions.

## II.  MOTION TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASEMONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE.
The debtor requests that confirmation of this plan alter the rights of the following creditor:

     A.  Nonpossessory, Nonpurchase - Money Lien: The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following nonpossessory, nonpurchase- money security interest and lien in household goods:

| Name of creditor and description of property securing lien | Value of Debtors interest in property | Total of all other liens | Exemption | Estimated security interest/debt | Security interest Not avoided (see IV(B)(4) below) | Security interest to be avoided (see IV(E) below) |
|---|---|---|---|---|---|---|
| | | | | | | |

[1] When used herein, the term "debtor" shall apply as applicable either in the singular or in the plural, if there are joint debtors in the case.

| Name of creditor and description of property securing lien | Value of Debtors interest in property | Total of all other liens | Exemption | Estimated security interest/debt | Security interest Not avoided (see IV(B)(4) below) | Security interest to be avoided (see IV(E) below) |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

B.  Judicial Lien: The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following judicial lien:[2]

| Name of creditor and description of property securing lien | Estimated judicial lien | Total of all senior/ unavoidable liens | Applicable Exemption and Code Section | Value of the debtors interest in property | Judicial lien Not avoided | Judicial lien avoided |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

C.  Valuation of Security: The debtor moves, in accordance with 11 U.S.C. § 506, to establish the value of a lien as follows:

| Name of creditor and description of property securing lien | Value of Debtors interest in property | Holder and amount of superior liens | Estimate of creditors claim | Value of lien (see IV(B)(4) below) | Unsecured claim after valuation (see IV(E) below) |
|---|---|---|---|---|---|
| **ABNB Credit Union (2009 Ford Edge Utility)** | **13,575.00** | **None** | **17,573.00** | **13,575.00** | **3,998.00** |

D.  Assumption or Rejection of Executory Contract/Unexpired Lease: The debtor moves for the assumption of the following executory contract and/or unexpired lease. The debtor agrees to abide by all terms of the agreement and to cure any pre-petition arrearage or default in the manner below. Any executory contract or unexpired lease not specifically mentioned is rejected.

| Name of Creditor and lease or contract to be assumed | Amount of regular payment | Estimated amount of Default (state if none) | Cure Provisions for any default paid by (Debtor or trustee) | Regular payments to be paid by Debtor directly to creditor beginning (month/year) |
|---|---|---|---|---|
| -NONE- | | | | |

## III. THE CHAPTER 13 PLAN: PAYMENT OBLIGATIONS OF THE DEBTOR.

A.  Payments from the debtor to the chapter 13 trustee (the trustee): The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan. In addition, the debtor will pay to the trustee any portion of a recovery under a pre-petition claim or cause of action that constitutes disposable income or is not exempt.

*The debtor shall pay to the trustee the sum of $ 1300.00 per month for a period of 5 months, then the sum of $ 900.00 per month for a period of 55 months unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan.*

B.  Payments from the debtor directly to creditors: The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. The debtor may be required to pay some or a portion of pre-petition debts directly to a creditor in addition to required payments to the trustee, as indicated in paragraph II(D) above and/or in the paragraphs that follow.

---

[2] For co-owned property, see In re Ware, 274 B.R. 206 (Bankr. D.S.C. 2001) and Exhibit C to SC LBR 4003-2.

**IV.  PLAN DISTRIBUTIONS TO CREDITORS.** To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation, must be filed with the Court. If a claim designated in this plan as secured is filed as an unsecured claim and the plan is confirmed, the claim may be treated as unsecured for purposes of plan distributions by the trustee. If a creditor files a proof of claim alleging that the claim is secured, but does not  timely object to the confirmation of the plan and the claim is treated as unsecured in a confirmed plan, the claim may be treated as unsecured for purposes of plan distributions by the trustee. Confirmation of this plan does not bar a party in interest from objecting to a claim. The trustee, after the deduction of the trustee's commission and expenses, or the debtor, as indicated, shall make payments as follows:

A.   Attorney for the debtor:

1.    The debtor and the debtors attorney have agreed to an attorneys fee in the amount of $   3,500.00    for the services identified in the Rule 2016(b) disclosure statement filed in this case.  The amount of $   300.00    was paid prior to the filing of the case.  The remaining fee shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse $1,000.00 to the attorney from the initial disbursement.[3] Thereafter, the balance of the attorneys compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorneys fees in advance of payments to creditors.

2.    If, as an alternative to the above treatment, the debtors attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $____ or less.

B.   Secured Creditor Claim:  The plan treats secured claims as follows:

1.    General Provisions:  The terms of the debtors pre-petition agreement with a secured creditor shall continue to apply except as modified by this plan, the order confirming the plan, or other order of the Court. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall timely satisfy any liens in the manner required by applicable law or order of this Court. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise. Any funds that would have been paid to any such creditor will be distributed according to the remaining terms of the plan. (The preceding language does not apply if the sole reason for its application arises under 11 U.S.C. §362(c)(3) or (c)(4).) Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may send standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

2.    Long-term or mortgage debt.  No default:
The debtor is current on obligations to -NONE- and will continue regular payments directly to that creditor. Description of collateral:

3.    Long term or mortgage debt. Curing default: 11 U.S.C. 1322(b)(3) and/or (5):

a.    Arrearage payments.  The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court to -NONE- at the rate of $(payment amount) or more per month, for (collateral description), along with (percentage)% interest. The creditor shall apply trustee payments solely to those designated arrearages, i.e., those arrearages accruing before the month specified in (b) below. For so long as the debtor complies with this plan, a creditor may not declare a default based on any payment delinquency to be cured by this paragraph and the creditor shall not impose any post-petition fee on account of any arrearage paid by the trustee.

---

[3] The chapter 13 trustee shall not at any time disburse to the debtor's attorney more than: (a) the unpaid balance of (1) the fee to be paid under the plan pursuant to paragraph 1 herein, or (2) the fee previously applied for and authorized pursuant to paragraph 2 herein, plus (b) any supplemental fee then applied for and authorized under the terms of the applicable Procedures for Approval of Attorney's Fees in Chapter 13 Cases.

b.    Maintenance of regular non-arrearage payments. Beginning (month and year), the Debtor shall pay directly to the creditor non-arrearage payments arising under the agreement with the secured creditor. The creditor shall apply each payment under this paragraph solely to post-petition obligations that accrue during or after the month specified herein.

4.    <u>Secured portion of claims altered by valuation and lien avoidance</u>:

The trustee shall pay **ABNB Credit Union (2009 Ford Edge Utility)** the sum of **$258.00** or more per month, along with **5.25%** interest until the secured claim of **$13,575.00** established above is paid in full.  The remaining portion of the allowed claim will be treated as a general unsecured claim.

5.    <u>Other secured debts (allowed claim to be paid in full without valuation or avoidance of lien)</u>:
The trustee shall pay -NONE- the sum of $(payment amount) or more per month, along with (percentage)% interest until the allowed secured claim is paid in full.

6.    <u>Surrender of property</u>:

The debtor will surrender the following property upon confirmation of the plan. The order confirming plan shall terminate the automatic stay as to that property: **ABNB Credit Union (2011 Ford F350 Pickup),** Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the surrender of the property.

The debtor will surrender the following property upon confirmation of the plan. The order confirming plan shall terminate the automatic stay as to that property: **Sentara Hospitals (4706 Padma Court, Virginia Beach, VA 23462, Virginia Beach County).** Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the surrender of the property.

The debtor will surrender the following property upon confirmation of the plan. The order confirming plan shall terminate the automatic stay as to that property: **Stearns Lending (4706 Padma Court, Virginia Beach, VA 23462, Virginia Beach County).** Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the surrender of the property.

7.    <u>Secured tax debt</u>:
The trustee shall pay _ the sum of $ 0.00  or more per month until the net balance of creditor's secured claim plus  0 % interest has been paid.  If the lien is to be valued, the debtor shall file a separate motion to value the claim and establish priority of any remaining tax obligations. If a tax priority creditor files a claim designated as secured, is not treated as secured in this paragraph, and does not timely object to confirmation of this plan, then the claim may be paid as a priority claim for purposes of distributions from the trustee.

C.    <u>Priority Creditors</u>:  Priority claims shall be paid as follows:

1.    <u>Domestic Support Claims</u>.  11 U.S.C. § 507(a)(1):

a.  Pre-petition arrearages.
The trustee shall pay the pre-petition domestic support obligation arrearage to -NONE-, at the rate of $(amount) or more per month until the balance, without interest, is paid in full.

b.    The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. §101(14A) on a timely basis directly to the creditor.

c.    Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations coming due after this case was filed from the income or assets of the debtor-parent/spouse without further order or relief from the automatic stay. (Any claim for child support or alimony due before this case was filed must be collected in accordance with 11 U.S.C. § 507(a)(1) and 11 U.S.C. § 1322(a)(2).)

2.    <u>Other Priority debt.</u>  The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a *pro rata* basis.

D.    <u>Executory Contracts and Unexpired Leases</u>:  Regular payments that arise post-petition under an executory contract or lease that is being assumed shall be paid directly by the debtor according to the terms of the contract or lease. Pre-petition defaults will be cured by payments of the sum of $___0.00___ or more per month by the trustee or the debtor according to paragraph II(D). Claims arising from the rejection of executory contracts or leases shall be general unsecured claims unless otherwise ordered by the Court.

E.    <u>General Unsecured Creditors</u>:  General unsecured creditors shall be paid allowed claims *pro rata* by the trustee to the extent that funds are available after payment of all other allowed claims. The debtor does propose to pay 100% of general unsecured claims.

**V.    PROPERTY OF THE ESTATE, STATUS AND OBLIGATIONS OF THE DEBTOR AFTER CONFIRMATION:** Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the non-exempt value of all property of the estate and for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing herein is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

Date:  March 8, 2016                                    BY:  /s/ F. Lee O'Steen
                                                             F. Lee O'Steen ~08032
                                                             P.O. Box 36534
                                                             Rock Hill, SC 29732
                                                             (803) 327-5300
                                                             Attorney for the Debtor/*Pro Se* Debtor
                                                             District Court I.D. 08032

**CERTIFICATE OF SERVICE**

The above signing parties certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date.  The list of the specific names and addresses of parties served with the plan is attached to the plan filed with the Court.

Trustee served by electronic notice.

Label Matrix for local noticing
0420-3
Case 15-05370-jw
District of South Carolina
Columbia
Tue Mar  8 16:38:08 EST 2016

ABNB Credit Union
U S Naval Amphibious Base
Chesapeake VA 23320

ANAB FCU
Collections Dept
830 Greenbrier Circle
Chesapeake VA 23320-2624

AT&T
PO Box 105503
Atlanta GA 30348-5503

AT&T
PO Box 772349
Ocala FL 34477-2349

American Airlines
P.O. Box 13337
Philadelphia PA 19101-3337

Barclays Bank Delaware
125 S West St
Wilmington DE 19801-5014

Barclays Bank Delaware
Attn: Bankruptcy
P.O. Box 8801
Wilmington DE 19899-8801

CERASTES, LLC
C O WEINSTEIN & RILEY, PS
2001 WESTERN AVENUE, STE 400
SEATTLE, WA 98121-3132

Julie Ann Cameron
1039 Bailes Ridge Avenue #11-202
Fort Mill, SC 29707-0149

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City UT 84130-0285

Capital One
Pob 30281
Salt Lake City UT 84130-0281

Capital One Bank (USA), N.A.
PO Box 71083
Charlotte, NC  28272-1083

Capital One, N.A.
c o Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701

Carney Retina & Macula Center
PO Box 371863
Pittsburgh PA 15250-7863

City of Virginia Beach
Dept. of Housing and Nbhd Preservation
Attn: James Howard
2424 Courthouse Dr, Bldg 18A
Virginia Beach VA 23456-9131

City of Virginia Beach
John T. Atkinson, Treasurer
2401 Courthouse Drive
Virginia Beach VA 23456-9018

City of Virginia Beach
Public Works and Public Utilities
2401 Courthouse Drive
Virginia Beach VA 23456-9120

Coastal Ear, Nose & Throat Surgeons
984 First Colonial Rd #302
Virginia Beach VA 23454-3196

Cox Communications
PO Box 9001087
Louisville KY 40290-1087

Credit Control
PO Box 120630
Newport News VA 23612-0630

Dept Of Ed/navient
Po Box 9635
Wilkes Barre PA 18773-9635

(p)DOMINION VIRGINIA POWER
PO BOX 26666
18TH FLOOR
RICHMOND VA 23261-6666

Equifax Information Services LLC
PO Box 740256
Atlanta GA 30374-0256

Experian
PO Box 2002
Allen TX 75013-2002

FHA
451 7th Street SW
Washington DC 20410-0001

George Conits
U.S. Attorney General Office
55 Beattie Place, Suite 700
Greenville SC 29601-2168

HRSD / HRUBS
P.O. Box 71092
Charlotte NC 28272-1092

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia PA 19101-7346

Kohls/capone
N56 W 17000 Ridgewood Dr
Menomonee Falls WI 53051-7096

Travis E. Menk
Brock & Scott, PLLC
5121 Parkway Plaza Blvd., Suite 300
Charlotte, NC 28217-1965

Midland Credit Management, Inc.
as agent for  MIDLAND FUNDING LLC
PO Box 2011
Warren, MI 48090-2011

Navient Solutions, Inc. Department of Educat
Loan Services
P.O. Box 9635
Wilkes-Barre, PA 18773-9635

North Carolina Department of Revenue
Angela C. Fountain Bankruptcy Manager
Collections Examination Division
P.O. Box 1168
Raleigh NC 27602-1168

F. Lee O'Steen
O'Steen Law Firm, LLC
PO Box 36534
Rock Hill, SC 29732-0509

Paypal
PO Box 981416
El Paso TX 79998-1416

Recovery Management Systems Corporation
for Synchrony Bank
25 SE 2nd Avenue
Suite 1120
Miami, FL 33131-1605

Recovery Management Systems Corporation
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131-1605

Sentara Health Care
PO Box 1875
Norfolk VA 23501-1875

Sentara Hospitals
600 Gresham Dr
Norfolk VA 23507-1904

South Carolina Attorney General
Honorable Alan Wilson
P.O. Box 11549
Columbia SC 29211-1549

South Carolina Department of Revenue
P.O. Box 12265
Columbia SC 29211-2265

Stearns Lending
3637 Sentara Way
Virginia Beach VA 23452-4262

William K. Stephenson Jr.
PO Box 8477
Columbia, SC 29202-8477

Synchrony Bank/Gap
Attn: Bankruptcy
Po Box 103104
Roswell GA 30076-9104

Synchrony Bank/Gap
Po Box 965005
Orlando FL 32896-5005

Trans Union Corporation
PO Box 2000
Crum Lynne PA 19022-2000

US Trustee's Office
Strom Thurmond Federal Building
1835 Assembly Street
Suite 953
Columbia, SC 29201-2448

U.S. Department of Justice
950 Pennsylvanie Avenue, NW
Washington DC 20530-0001

US Attorney For SC
1441 Main Street
Columbia SC 29201-2862

USDA
P.O. Box 66827
Saint Louis MO 63166-6827

USDA Rural Development
Centralized Servicing Center
PO Box 66827
Saint Louis MO 63166-6827

Wells Fargo
1 Home Campus
3rd floor
Des Moines IA 50328-0001

Wells Fargo Card Ser
Po Box 14517
Des Moines IA 50306-3517

Wells Fargo Card Services
1 Home Campus 3rd Floor
Des Moines, IA 50328-0001

York County Clerk of Court
PO Box 649
York SC 29745-0649

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).